UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MONIQUE II, LTD., a Nevada
Limited Liability Company,

    Plaintiff,

vs.

MAGNUM MARINE CORPORATION,
a Florida corporation,

    Defendant.
_____/

CASE NO.: 00-6152-CIV-DIMITROULEAS

MAGISTRATE JUDGE: JOHNSON

## DEFENDANT'S MOTION TO DISMISS WITH INCORPORATED MEMORANDUM OF LAW

**COMES NOW** the Defendant, MAGNUM MARINE CORPORATION ("MAGNUM"), by and through its undersigned counsel, and moves to dismiss (with incorporated memorandum of law) the January 27, 2000 Complaint, and states:

1. The Complaint and this action must be dismissed. No subject matter jurisdiction has been alleged. No case or controversy ripe for adjudication exists. No claim has been stated.

### No Subject Matter Jurisdiction

2. **No** jurisdictional facts are alleged as to the Plaintiff. *Durgin v. Graham*, 312 F.2d 393 (5th Cir. 1963). **No** allegation is made disclosing the Plaintiff's citizenship; Plaintiff's corporate principal place of business; or, Plaintiff's state of incorporation. *Carlsberg Resources Corp. v. Cambria Savings & Loan Association*, 413 F.Supp. 880 (W.D. Pa. 1976) aff'd 554 F.2d 1254 (3d

Cir. 1977); *Dorfman v. Chemical Bank,* 56 F.R.D. 363 (D.C.N.Y. 1972). Complete diversity is **not** alleged. *28 U.S.C. §1332(c)(1).* **No** subject matter jurisdiction, therefore, exists.

### **Plaintiff Seeks an Improper Remedy Under U.C.C.**

3. At the closing for the purchase of the subject boat, Kurt Bosshardt of Plaintiff's law firm signed the "MAGNUM Limited Warranty" and "Statement of Acceptance" of the warranty on December 17, 1999 on behalf of, and pursuant to a November 22, 1999 Power of Attorney given by its client MONIQUE II. LTD. Plaintiff and its lawyers who participated in the transaction **omitted** the Defendant's warranty and Plaintiff's acceptance of the warranty from the Complaint. They are now attached as Composite Exhibit "A" to this motion. This limited warranty and Plaintiff's acceptance are central and fatal to its claim. They should be considered in this motion. *Sazerac Company, Inc. v. Falk,* 861 F.Supp. 253 (S.D.N.Y. 1994); see, *Venture Associates Corp. v. Zenith Data Systems Corp.,* 987 F.2d 429 (7th Cir. 1993) on remand, 887 F.Supp. 1014 (N.D. Ill. 1995).

4. Defendant's warranty [see Exhibit "A"] stated:

"1. THERE ARE <u>NO EXPRESS WARRANTIES</u> ON PRODUCTS MANUFACTURED BY "MAGNUM" EXCEPT THAT "MAGNUM" WARRANTS TO THE ORIGINAL PURCHASER OF THE HULLS MANUFACTURED BY IT TO BE FREE OF DEFECTS IN MATERIAL AND WORKMANSHIP UNDER NORMAL USE AND SERVICES, ...."

2. "MAGNUM'S" liability under this warranty is exclusively limited to the <u>repair and replacement</u>, in its discretion, of any defective materials and the repair or correction of defective workmanship, in its discretion, provided however that no obligation under such warranty shall arise unless the <u>purchaser</u> ... shall have <u>delivered the hull</u> at purchaser's expense <u>to the MAGNUM MARINE factory</u> or such facility as "MAGNUM" shall designate, and MAGNUM MARINE CORP. shall have a reasonable time after receipt of such notice and delivery to make such replacement, repair, or correction.

---

[1] Plaintiff's Exhibit "A" to its Complaint stated:

"THIS AGREEMENT IS SUBJECT TO THE TERMS & CONDITIONS ON REVERSE SIDE."

Plaintiff and its lawyers have intentionally chosen not to include documents material to contract of sale alleged breached.

3.   "MAGNUM" makes no warranty whatsoever as to ... gelcoats, chrome and appearance items.... Purchaser confirms that "MAGNUM'S" warranty does not apply to the foregoing items....

6.   * * * The repair or replacement of defects in material and workmanship as stated in this warranty shall be the sole remedy of the purchaser and the sole liability of the manufacturer under this warranty and any implied warranties. * * * [Exhibit "A" hereto, underscoring added].

5.   The remedy of revocation of acceptance for non-conformity is not available to this Plaintiff as there is a valid disclaimer of all warranties. *McCormick Machinery, Inc. v. Julian E. Johnson & Sons, Inc.*, 523 So.2d 651, 656 (Fla. 1st DCA 1988), citing to *Konicki v. Saldaco, Inc.*, 474 N.E. 2d 347 (Ohio App. 1984); *Crume v. Ford Motor Company*, 60 Or. App. 224, 653 P.2d 564 (1982). Moreover, and contrary to Plaintiff's belief[2], the warranty provided a remedy of repair and replacement and, therefore, did not fail of its essential purpose. *Tacoma Boat Building Company, Inc. v. Delta Fishing Company, Inc.*, 28 U.C.C. Reporting Service 26, 33 N.10 (W.D. Wash. Jan. 4, 1980). Plaintiff's claim, therefore, fails.

### No Case or Controversy

6.   **No** controversy exists. **No** case exists. The events are incomplete and are, indeed, still embryonic in their development.[3] [4] Plaintiff has **not** delivered his boat to the Defendant's factory for repair or replacement of any defective materials. Plaintiff has **not** provided reasonable notice and opportunity for repair or replacement of any defective parts. Plaintiff has **not** complied with its obligation under paragraph 2 of the warranty that is a condition precedent to any liability

---

[2] Plaintiff alleges a purported rejection and revocation of acceptance of the vessel. [¶17; Complaint].

[3] Obviously, the elements for breach of contract -- a contract, breach thereof, and damages – are not alleged. *Knowles v. C.I.T. Corp.*, 346 So.2d 1042 (Fla. 1st DCA 1977). Nor are the elements for breach of express warranty -- identification of the type of warranty that accompanied the transaction, reliance upon the representations of the seller, circumstances of the injury caused by the breach of warranty, notice of the breach, and damages – even alleged. *Weimar v. Yacht Club Pointe Estates, Inc.*, 223 So.2d 100 (Fla. 4th DCA 1969); *Fla.Stat. §672.313(1)(a)*. Specifically, no notice of the material terms of a contract and warranty have been pled. No breach of the express limited warranty is alleged. No notice of any reliance on representations and circumstances of any damage caused by a breach has been pled.

[4] No report of the alleged January 26, 2000 survey was attached to the Complaint that Defendant received. Those findings are not alleged and are unknown in this record.

under the warranty and any claim for breach of contract [¶2; Exhibit "A"]. In short, **no** breach of contract or warranty has yet occurred!

7.   Thus, the claim is **not** ripe for adjudication. It rests upon contingent future events that may **not** occur as anticipated or may **not** occur at all. *Texas v. United States,* 118 S.Ct. 1247 (1998). **No** injury in fact and causal relationship between the injury and challenged conduct is alleged. *United Food & Commercial Workers Union Local 751 v. Brown Group, Inc.,* 517 U.S. 544, 116 S.Ct. 1529 (1996); *U.S. Const. Art. 3, §1.* Until Plaintiff complies with its obligations under the warranty and contract (that is omitted from its pleading), delivers the boat to the Defendant's factory, and gives the Defendant a reasonable opportunity to effect repair or replacement at its discretion of any defective materials, and the Defendant is either unwilling or unable to repair any defective material or workmanship, the Plaintiff has no cause of action for breach of contract. *Texas.* At present, Plaintiff's dissatisfaction is an abstract hypothetical dispute under a contract and warranty with which the Plaintiff has not complied. **No** case or controversy exists, *U.S. Fire Insurance Co. v. Caulkins Indian Town Citrus Co.,* 931 F.2d 744 (11th Cir. 1991) for which reason this case must be dismissed.

### Conclusion

No diversity subject matter jurisdiction exists. No state of incorporation, citizenship, or principal place of business of the Plaintiff is alleged. The limited warranty allowed for discretionary repair or replacement of defective materials upon Plaintiff's delivery of his boat to the Defendant's factory. Plaintiff, by its lawyers in this case, accepted the warranty. Repair or replacement is a remedy authorized under the Uniform Commercial Code. Plaintiff has not delivered his boat to the Defendant's factory. Plaintiff has not complied with a condition precedent to warranty coverage. Defendant has not refused repair. Defendant has not had any opportunity to repair the boat. No

allegation is made that the boat is not repairable. No non-conformance under the warranty is alleged. No breach has yet occurred. No damage caused by any breach is alleged.

Thus, the claim is not ripe for adjudication. No justiciable issue is alleged. No case or controversy yet exists. This case must, therefore, be dismissed.

### CERTIFICATE OF SERVICE

**WE HEREBY CERTIFY** that a true and correct copy of the foregoing was furnished by U.S. Mail, this 16th day of February, 2000 to **Robert R. Edwards, Esq.,** Bosshardt & Edwards, P.A., 1600 S.E. 17th Street Causeway, Suite 402, Fort Lauderdale, Florida 33316.

MITCHELL & ASSOCIATES, P.A.
Attorneys for Defendant
2650 Biscayne Boulevard
Miami, Florida 33137
Telephone No.: (305) 358-1405
Facsimile No.: (305) 576-0771

By: _____
GEORGE O. MITCHELL
Florida Bar No.: 055802
LARS O. BODNIEKS
Florida Bar No.: 888265

J:/7835/PLEADINGS/DISMISS.MO